PETITIONER'S MEMORANDUM OF LAW IN SUPPORT
OF HIS "WRIT OF HABEAS CORPUS"
PURSUANT TO 28 U.S.C. §2241

---

This Memorandum is submitted on behalf of Nicolas P. Rosales, in support of his application for an order vacating the Judgment Of Conviction entered on, (Nov. 2, 2009), in the interest of Justice based on a recent ruling by the Eleventh (11th) Circuit Court of Appeal, held on November 6, 2012, United States v. Bellaizac- Hurtado, (11th Cir. No # 11-14049).

## JURISDICTION

Before the Court is a critical issue as to proper Jurisdiction within the meaning of Law which this Honorable Court holds authority to such, for the following reasons:

1.) Petitioner is in the custody at FCI, Fort Dix, New Jersey. under sentence of a Court established by Act Of Congress, Petitioner asserts and claim the right to be released upon the grounds that the sentence was imposed in violation of the Constitution of Laws of the United States...

2.) The sentencing Court was without Jurisdiction to impose such sentence...

3.) The Indictment is completely defective without Authority of Law...

4.) The act for which Petitioner was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion..

5.) Petitioner is a citizen and domiciliary of a foreign country and he is in custody for an act which he had a right to commit under the laws of his country, per, (11th Cir. ruling)...

1
1

## JURISDICTIONAL STATEMENT

Article III standing is a jurisdictional requirement that cannot be waived. One who seeks to initiate or continue in Federal Court must demonstrate, among other requirement, both standing to obtain the relief requested, see. Lojan v. Defenders of Wildlife, 504 u.s. 555, 560-561, 119 L.ed. 2d. 351 (1992); and, in addition, an "ongoing interest in the dispute" on the part of the opposing party that is sufficient to establish "concrete adverseness", Camreta v. Green, 563 u.s. , , 179 L.Ed. 2d. 1118, 1125, 131 S.Ct. 2020 (2011). When those conditions are met, Article III does not restrict the opposing party's ability to object to relief being sought, especially being incarcerated illegally by the listing claims (#1 - #5) in Petitioner's jurisdiction above.

The requirement of Article III standing thus has no bearing on Petitioner's Collateral or Appeal rights. As to Petitioner's standing to file a "writ of Habeas Corpus it is clear Article III's prerequisites are met. Petitioner challenges to his illegal sentence satisfies the case-or-controversy requirement, because the incarceration.... constitutes a concrete injury, caused by the sentence and redressable by invalidation of the sentence.

Petitioner holds a colorable claim of being illegally incarcerated for lack of jurisdiction of the sentencing Court to impose any imprisonment. The Jurisdiction requirement for this Court cannot be waived or ignored when a prisoner asserts and alleges he is restrained against his free will and the lost of his liberty, which, allows the Petitioner to bring the issues set forth and present herewith, thus,

allows for this Court to preside over the matter with proper Jurisdiction. This Honorable Court holds a certain amount of authority to prevent anyone's Constitutional Rights to be abused or violated under, 28 U.S.C. § 1343(c).

## PROCEDURAL HISTORY

On or about June 10 2009 the Petitioner was seized by the U.S. Coast Guard in foreign waters and prosecuted under the Maritime Drug Law Enforcement Act, 46 U.S.C. App. § 1901 et seg. The Petitioner is unable to obtain certain legal documents to properly verify and present to this Court.

On or about Nov. 2, 2009 Petitioner was sentenced to imprisonment of 135 months for certain drug crimes that are not a violation of customary international law at the time of the founding, and drug trafficking is not a violation of customary international law today. The Petitioner was illegally seized from territorial waters of Nicaragua 46 miles from Nicaragua, by the U.S. coast guard who had no Jurisdiction in territorial waters as the term "define", which would render an illegal extradition by the U.S. Coast Guard or Federal Agencies to the United States for prosecution. In turn gave no Jurisdiction to the sentencing Court to impose any prison sentence.

3

## LEGAL ARGUMENT

In order for this August Court to make a proper assessment of Petitioner's claim a thorough and essential evaluation must be examined by the rational facts finding in the "Eleventh Circuit Court Opinion".

The argument in itself relied on customary international law. Courts disagree as to whether the offense clause limits the power of congress to define and punish only those violations of customary international law that were established when the Constitution was ratified or whether the power granted by the clause varies with the changes in customary international law. The Eleventh Circuit decided that it did not need to resolve this issue. "Drug trafficking was not a violation of customary international law at the time of the founding, and drug trafficking is not a violation of customary international law today", it said.

As the Eleventh Circuit pointed out conclusively, looking at the history of drug laws, the Court quoted, that, the international community "did not even begin its efforts to limit the drug trade until the turn of the twentieth century.

The Government argued and relied solely upon the passage of the 1988 United Nations Convention against illicit traffic in narcotic drugs and psychotropic sustances demonstrates that drug traficking violates contemporary international law.

4

The Eleventh Circuit boldly stated, however, that the U.N. Convention does not treat drug trafficking as a violation of customary international law. Unlike an international ban on genocide, which sets up international tribunals to prosecute violations, the drug trafficking convention "...relied on domestic enforcement efforts of other state parties...", the court noted.

The Eleventh Circuit agreed with a Second Circuit opinion that said that treaties may constitute sufficient proof of a norm of customary international law only "...if an overwhelmingly majority of states have ratified the treaty, and those states uniformly and consistently act in accordance with it'sd principles...".

The 1988 convention and other international drug laws fall short of this uniformly and consistently act and standard, the Eleventh Circuit decided. The court pointed out that the governments of Burma, Venezuela, Afghanistan, and other countries not mentioned, are so corrupted by the drug trade that they are not simply unable to prosecute drug traffickers but are often unwilling to do so because their economies are dependent on the drug trade. The court went on to also state that "...the persistent failure of these specially affected states to comply with their treaty obligations suggests that they view the curtailment of drug trafficking as an aspirational goal, not a matter of mutual legal obligation under customary international law...". The court also was supported in their decision by numerous scholars agreeing that drug trafficking is not a violation of contemporary, customary international law, defecting the government's solitary argument to the context.

Furthermore, the power to define and punish offenses against the law of nations confers a power to reach only that conduct that is

5

condemned by customary international law, the Eleventh Circuit explained.

The framers used the term "define" to enable Congress to provide notice to the people through codification of what conduct could be prosecuted, and it did not authorize Congress to create offences that were not already recognized by the law of nations, the court said. This limit on the offenses clause is evident in the writing and statutes of the time as well as in the principle that Congress may exercise only those powers granted to it by the Constitution, it observed.

The Eleventh Circuit further stated in their findings that "...if Congress could define any conduct as 'piracy' or a 'felony' or an 'offense against the law of nations', it's power could be limitless and contrary to our constitutional structure...".

In the context of approving U.S. prosecutions for crimes committed on the high seas, the Saac court, U.S. vs. Saac, 632 F.3d 1203, 88 Crl 595 (11TH CIR., 2011), and other courts have concluded that drug offenses are universally condemned by other nations. This does not mean, however, that the prohibition of drug crimes qualifies as customary international law for the purposes of the offenses clause, where the court made this perfectly clear in their decision.

## CONCLUSION

After a complete and thorough review of the Eleventh Circuit's opinion, the rational fact findings concluded that:

1) Congress exceeded it's constitutional authority to "...define and punish...offenses against the law of nations..." when it directed the Department of Justice to prosecute drug offenses committed in other country's territorial waters.

   2) Because drug trafficking is not a violation of customary international law, the Eleventh Circuit strongly stated and held that Congress exceeded it's power under the offense clause when it proscribed Petitioner's conduct in the territorial waters of

Petitioner was illegally restrained of his liberties and illegally extradited to the United States for prosecution which, without a doubt, rendered lack of jurisdiction of the sentencing court to impose a prison sentence.

   As to present case law within the circuits, it would well serve all parties to immediately conduct an evidentiary hearing into the facts to render a proper assessment of Petitioner's claims.

   In Aron vs. U.S., 291 F.ed 708, 714 (11TH CIR., 2002), it states that,"...as the courts have previously stated, if the Petitioner alleges facts that, if true, would entitle him to relief, then the District Court should order an evidentiary hearing and rule on the merits of his claim...".

   The law id clear that in order to be entitled to an evidentiary hearing, a Petitioner needs only to allege - not prove - reasonablt, specific non-conclusory facts that, if true, would entitle him to relief. If the allegations are not affirmatively contradicted by the record, and the claims are not patently frivolous, the District Court is required to hold an evidentiary hearing.

   The instant Z2241 writ of habeas corpus presents genuine issues of material fact that to some degree rest on credibility. To be sure, courts must always be sensitive to making credibility determinations on the facts presented, and as to the critical consequences suffered by Petitioner that would prolong the illegal incarceration

7

if this Court denies an immediate evidentiary hearing as required by law.

### RELIEF REQUESTED

WHEREFORE, Petitioner prays upon this august Court to take immediate action into the constitutional issues presented herein and without delay grant Petitioner's writ of habeas corpus and order his judgment vacated in it's entirety.

In the alternative, grant Petitioner an evidentiary hearing to establish any further facts needed for a proper assessment.

Respectfully submitted this _14_ day of _Dec_, , 20_12_.

_____